IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/23/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

ANGEL ENRIQUE TARUNGO FAUDOA,

Petitioner,

v.

Warden, Midwest Regional Reception Center;
Field Office Director, ICE,

Respondents.

Case No. 26-3400-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **denied**.

Petitioner filed this action on October 23, 2026. In the petition, he alleges that on October 2, 2026, he was detained by immigration officials; and that he is being unlawfully detained without identification of the basis for detention. Respondents have filed an answer to the petition, but petitioner has failed to file a traverse or reply brief by the deadline of November 20, 2026.[1]

The Court denies the petition. Respondents have shown that petitioner is *not* subject to immigration detention. Immigration officials did take custody of petitioner on October

[1] The Court's service copy of its show-cause order was returned with a notice that petitioner had departed the facility, but petitioner has not provided notice to this Court of any new address, as required by rule. *See* D. Kan. Rule 5.1(c)(3).

4, 2026, after his arrest by Missouri police for assaulting a law enforcement officer and resisting arrest. On October 20, 2026, however, petitioner was charged in the United States District Court for the Western District of Missouri with reentry after removal in violation of 8 U.S.C. § 1326, based on petitioner's removal from the United States on six occasions and his prior felony conviction. The Missouri federal court conducted a detention hearing and remanded petitioner to the custody of the federal Marshals Service, and he remains a pretrial detainee in that custody. Accordingly, petitioner cannot establish the premise of his claims challenging his immigration detention. Nor has petitioner alleged any basis to challenge his pretrial detention by federal officials, and any such challenge would need to be asserted in his criminal case at any rate. *See Green v. Richardson*, 2009 WL 4049973, at *2-3 (D. Kan. Nov. 20, 2009) (federal pretrial detainee must exhaust remedies in criminal case); *see also Thompson v. Robinson*, 565 F. App'x 738, 739 (10th Cir. 2014) (same).

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 23rd day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge